UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON JONES,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>BRIAN WILLIAMS, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 2:16-cv-00342-MMD-VCF<br><br>ORDER |

Petitioner has filed an amended petition (ECF No. 5). The Court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The amended petition might be untimely under 28 U.S.C. § 2244(d)(1). However, the Court will serve the petition upon respondents for a response because it is unclear from the state-court docket whether petitioner's post-conviction proceeding is still active.

On April 29, 2013, after a trial in state district court, petitioner was convicted of second-degree murder with the use of a deadly weapon. *State v. Jones*, Case No. C-12-285488-1.[1] Petitioner appealed. On April 25, 2014, the Nevada Supreme Court reversed and remanded for a new trial because the state district court erred when it refused to instruct the jury on the defense theory of voluntary manslaughter. *Jones v. State*, No. 63136.[2] Instead of another trial, petitioner agreed to plead guilty to voluntary

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=10795289 (report generated July 15, 2016).

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=31319 (report generated July 15, 2016).

manslaughter with the use of a deadly weapon. The state district court entered its new judgment of conviction on October 3, 2014. Petitioner did not appeal, and the judgment became final on November 3, 2014, taking into account that the time to appeal otherwise would have expired on a Sunday.

Petitioner filed a post-conviction habeas corpus petition in state district court on October 26, 2015. On January 5, 2016, the state district court dismissed the petition as untimely under Nev. Rev. Stat. § 34.726(1) because petitioner did not file the petition within one year of the entry of the new judgment of conviction. The state district court issued its notice of entry of order on February 16, 2016, which started the thirty-day time to appeal under Nev. Rev. Stat. § 34.575. Petitioner filed a document titled "Opposition to Finding of Facts, Conclusion of Law and Order" on February 22, 2016. Petitioner has not appealed to the Nevada Supreme Court.

Petitioner mailed his original federal habeas corpus petition (ECF No. 3) to this Court on February 16, 2016. The Court directed petitioner to file an amended petition because the original petition contained no grounds for relief; petitioner said only that it was a "protective" petition. Petitioner mailed the amended petition (ECF No. 5) to the Court on May 25, 2016.

This Court is uncertain whether the state post-conviction habeas corpus proceedings are still active. If they are not, and if the determination that the state post-conviction habeas corpus petition is untimely has become final, then the one-year period of 28 U.S.C. § 2244(d) was not tolled while the state habeas corpus petition was pending in the state courts. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). The federal petition would be untimely, because more than a year passed between the finality of the judgment of conviction on November 3, 2014, and the mailing of the empty, original petition on February 16, 2016. The amended petition, mailed on May 25, 2016, and containing actual grounds for relief, also would be untimely. Even though petitioner has styled his petitions as "protective" petitions, he would be protecting nothing because the one-year period already had expired. *See Pace*, 544 U.S. at 416. On the other hand, if

the opposition that petitioner filed on February 22, 2016, has kept the state post-conviction proceedings active, a possibility exists that the state district court or the appellate court would determine that the application of Nev. Rev. Stat. § 34.726(1) is excused. The Court will not guess as to that possibility. Nonetheless, if the state post-conviction proceedings are still active, and if the state courts ultimately determine to excuse the application of Nev. Rev. Stat. § 34.726(1), then the time spent while the state post-conviction petition was pending would be eligible for tolling under 28 U.S.C. § 2254(d)(2). The petition and the amended petition would be timely, because 357 days passed between the finality of the judgment of conviction on November 3, 2014, and the filing of the state habeas corpus petition on October 26, 2015. Because of this uncertainty, the Court will direct respondents to file a response.

It is therefore ordered that respondents will have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents must raise all potential affirmative defenses in the initial responsive pleading, including untimeliness, lack of exhaustion, and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner will have forty-five (45) days from the date on which the answer is served to file a reply. If respondents file a motion, then the briefing schedule of Local Rule LR 7-2 will apply.

DATED THIS 18th day of July 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE