UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JASON JONES, | Case No. 2:16-cv-00342-MMD-VCF |
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

Before the Court is respondents' motion to dismiss. (ECF No. 7.) Petitioner has not filed a response, even though the Court granted his request for additional time to file a response.

Respondents first argue that the action is untimely. The Court agrees. Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). *See also* Sup. Ct. R. 13(1). If the judgment is not appealed, then it becomes final thirty (30) days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). *See also* Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

After a jury trial in state district court, petitioner was convicted of second-degree murder with the use of a deadly weapon. Judgment of conviction was entered on April 29, 2013. (Exh. 47 (ECF No. 12-7).) Petitioner appealed. On April 25, 2014, the Nevada Supreme Court reversed and remanded for a new trial because it held that the state district court had erred in refusing a proposed jury instruction on voluntary manslaughter. (Exh. 60 (ECF No. 12-20).) Back in state district court, petitioner agreed to plead guilty to voluntary manslaughter with the use of a deadly weapon. (Exh. 70 (ECF No. 13-11).) Judgment of conviction was entered on October 3, 2014. (Exh. 72 (ECF No. 13-13).) Petitioner did not appeal. For the purposes of § 2244(d)(1), the judgment of conviction became final on November 3, 2014, taking into account that it otherwise would have become final on a Sunday.

On August 24, 2015, the clerk of the state district court received from petitioner a motion to modify and/or correct illegal sentence. The clerk of the state district court did not mark the motion as filed until October 29, 2015. (Exh. 78 (ECF No. 13-19).) On September 8, 2015, petitioner filed a reply to the opposition to the motion to modify and/or

1   correct illegal sentence, even though no opposition had been filed. (Exh. 75 (ECF No. 13-
2   16).) On December 18, 2015, the state district court denied the motion, stating that
3   petitioner had no grounds. (Exh. 83 (ECF No. 14-3).) The time to appeal the denial of that
4   motion expired on January 19, 2016, taking into account that the deadline otherwise
5   would have fallen on a Sunday and then on the birthday of Martin Luther King, Jr.

6          A properly filed motion to modify or correct an illegal sentence qualifies for tolling
7   under 28 U.S.C. § 2244(d)(2). *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001). The question
8   is when petitioner's illegal-sentence motion was properly filed.

9          An application is "filed," as that term is commonly understood, when it is
10         delivered to, and accepted by, the appropriate court officer for placement
           into the official record. And an application is "properly filed" when its delivery
11         and acceptance are in compliance with the applicable laws and rules
           governing filings. These usually prescribe, for example, the form of the
12         document, the time limits upon its delivery, the court and office in which it
           must be lodged, and the requisite filing fee.

13  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citations and footnote omitted). The clerk of a state
14  district court has the ministerial duty to accept and file a document presented for filing if
15  that document is in proper form, unless the state district court has specifically directed the
16  clerk to the contrary. *Sullivan v. Eighth Judicial Dist. Court*, 904 P.2d 1039, 1042 (Nev.
17  1995); *Bowman v. Eighth Judicial Dist. Court*, 728 P.2d 433, 435 (Nev. 1986). If the clerk
18  of the state district court cannot immediately file a document, then the clerk cannot return
19  the document. Instead, the clerk must mark the document as received and keep it in the
20  record of the case. *Whitman v. Whitman*, 840 P.2d 1232 (Nev. 1992).

21         The Court does not know why the illegal-sentence motion was not filed for more
22  than two months after receipt. Nothing appears to be wrong with the form of the illegal-
23  sentence motion. Petitioner filled in the blanks on a photocopied form that this Court has
24  seen many times before. No reason for the clerk not to file the motion immediately
25  appears to exist. Rule 3.70 of the Eighth Judicial District Court instructs the clerk of the
26  court not to file a proper-person motion when the person is represented by counsel of
27  record. However, trial counsel formally withdrew four days before the illegal-sentence
28  motion was received. (Exh. 74 (ECF No. 13-15).) Trial counsel's representation of

3

petitioner effectively ended much earlier, when the time to appeal the judgment of conviction expired. For the purposes of 28 U.S.C. § 2244(d)(2), the illegal-sentence motion was filed on August 24, 2015.

The Court also finds that the illegal-sentence motion was a *properly filed* motion that qualified it for tolling. Respondents argue that the motion does not qualify for tolling because the state district court ruled that petitioner had no grounds. The Court is not persuaded. Despite the state district court's statement that petitioner had no grounds, this court cannot take that statement literally. Petitioner did present a ground for relief, that the minimum term he received for the use of a deadly weapon exceeded what Nev. Rev. Stat. § 193.165 allowed. (Exh. 78, at 4-7 (ECF No. 13-19).) The response argued that petitioner's sentence was allowed by the statute. (*See* Exh. 81 (ECF No. 14-1).) This Court assumes that the state district court was holding that petitioner's arguments provided no basis for relief. Furthermore, "the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." *Bennett*, 531 U.S. at 9. The state district court's ruling that petitioner had no grounds was a ruling on the merits, not on whether it was properly filed. Petitioner complied with the requirements for filing an illegal-sentence motion, and that is sufficient for tolling under § 2244(d)(2). The one-year period of 28 U.S.C. § 2244(d)(1) was tolled from August 24, 2015, through January 19, 2016.

On October 26, 2015, petitioner filed a post-conviction habeas corpus petition in the state district court. (Exh. 77 (ECF No. 13-18).) On February 9, 2016, the state district court entered an order denying the petition as untimely under Nev. Rev. Stat. § 34.726(1). (Exh. 87 (ECF No. 14-7).) On February 16, 2016, the state district court issued a notice of entry of the order denying the petition. (Exh. 89 (ECF No. 14-9).) The issuance of the notice of entry started the thirty-day period for appealing the state district court's decision. Nev. Rev. Stat. § 34.575(1). On February 22, 2016, petitioner filed an opposition to finding of facts, conclusion of law and order. (Exh. 90 (ECF No. 14-10).) Petitioner did not file a notice of appeal within the thirty-day period.

In its order directing respondents to file a response, the Court questioned what the effect of the opposition to the state district court's order was. (ECF No. 6 at 2-3.) If the opposition had no effect upon the continuation of the state habeas corpus proceedings, then those proceedings have concluded, and the state district court's determination that the petition was untimely is final. Consequently, the state habeas corpus petition was not properly filed and was not eligible for tolling under 28 U.S.C. § 2244(d)(2). *Pace,* 544 U.S. at 417. If the opposition to the state district court's order did keep the state habeas corpus proceedings open, then there was a possibility that either the state district court or an appellate court might determine that the state habeas corpus petition was timely. If that occurred, then the state habeas corpus petition was timely filed and was eligible for tolling under 28 U.S.C. § 2244(d)(2).

Respondents have demonstrated to the Court's satisfaction that the opposition to the state district court's order has no effect and that the state habeas corpus proceedings have concluded. The only filing that will keep state habeas corpus proceedings open is a notice of appeal filed within thirty days of the notice of entry of the final order, in compliance with Nev. Rev. Stat. § 34.575(1). Rule 4(a)(4) of the Nevada Rules of Appellate Procedure, which allows for an extension of time to file a notice of appeal to thirty (30) days after entry of an order disposing of certain post-judgment motions, is not applicable to state habeas corpus petitions. *Klein v. Warden,* 43 P.3d 1029, 1032-33 (2002).[1] Petitioner's state habeas corpus proceedings concluded with the expiration of the time to file a notice of appeal under Nev. Rev. Stat. § 34.575(1). The determination that the state habeas corpus petition was untimely is final. The state habeas corpus petition was not properly filed and did not toll the federal period of limitation.

Petitioner effectively commenced this action on February 16, 2016, when he mailed his original federal habeas corpus petition to this court. (ECF No. 3.) The Court noted in its first order that the petition was defective because petitioner did not allege any

---

[1]When the Nevada Supreme Court decided *Klein,* the rule then was known as Rule 4(a)(2).

5

grounds for relief. Instead, petitioner stated only that the petition was a protective petition under *Pace v. DiGuglielmo*. The Court directed petitioner to file an amended petition in which he alleged his grounds for relief. (ECF No. 2, at 1-2.) Petitioner mailed his amended petition to this Court on May 25, 2016. (ECF No. 5.)

When the Court directed a response to the amended petition, noting that it appeared to be untimely, the Court did not account for petitioner's illegal-sentence motion. The illegal-sentence motion changes the court's calculations, but the ultimate outcome still is that the amended petition is untimely. Between the finality of the judgment of conviction on November 3, 2014, and the state district court's receipt of the illegal-sentence motion on August 24, 2015, two hundred ninety-four (294) days passed. The illegal-sentence motion tolled the federal one-year period under 28 U.S.C. § 2244(d)(2) while it was pending. The tolling ended on January 19, 2016, when the time to appeal the denial of the illegal-sentence motion expired, and the one-year federal period resumed running the next day. The state habeas corpus petition was ineligible for tolling under 28 U.S.C. § 2244(d)(2) because it was untimely. *Pace*, 544 U.S. at 417. Between the end of the illegal-sentence motion and the mailing of the amended petition on May 25, 2016, another one hundred twenty-seven (127) days passed. A total of four hundred twenty-one (421) non-tolled days have passed between the finality of the judgment of conviction and the mailing of the amended petition, and that exceeds the one-year allowed under 28 U.S.C. § 2244(d)(1).

The mailing of the original federal habeas corpus petition on February 16, 2016, does not affect the court's calculations. Each ground in the amended petition would need to relate back to the original petition. Relation back, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). However, the original petition contained no claims and no allegations of fact, and thus no common core of operative facts exist. The claims in the amended petition must stand on their own, and on their own they are untimely.

1    Respondents also argue that all the claims in the amended petition are

2    procedurally defaulted.[2] The three grounds that petitioner presents in the amended

3    petition (ECF No. 5) are grounds that he presented in his state habeas corpus petition

4    and in a supplement to that petition. (Exh. 77 (ECF No. 13-18); Exh. 80 (ECF No. 13-21).)

5    The state district court ruled that the state habeas corpus petition was untimely under

6    Nev. Rev. Stat. § 34.726(1). (Exh. 87 (ECF No. 14-7).) Petitioner did not appeal that

7    decision, and it is final, for the reasons explained above in the Court's discussion on

8    timeliness.

9    A federal court will not review a claim for habeas corpus relief if the decision of the

10   state court regarding that claim rested on a state-law ground that is independent of the

11   federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S.

12   722, 730-31 (1991).

13       In all cases in which a state prisoner has defaulted his federal claims in state
         court pursuant to an independent and adequate state procedural rule,
14       federal habeas review of the claims is barred unless the prisoner can
         demonstrate cause for the default and actual prejudice as a result of the
15       alleged violation of federal law, or demonstrate that failure to consider the
         claims will result in a fundamental miscarriage of justice.
16

17   *Id.* at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The ground for dismissal

18   upon which the state district court relied in this case is an adequate and independent

19   state rule. *Loveland v. Hatcher*, 231 F.3d 640 (9th Cir. 2000); *Moran v. McDaniel*, 80 F.3d

20   1261 (9th Cir. 1996).

21   All claims in the amended petition are procedurally defaulted by the state district

22   court's dismissal of the state habeas corpus petition as untimely. By not filing a response

23   to the motion to dismiss, petitioner has demonstrated neither cause nor prejudice. The

24   Court thus will not consider whether cause and prejudice exist to excuse the procedural

25   default.

26   ///

27   ///

28   [2]The Court is addressing respondents' arguments out of the order of presentation.

Respondents also argue that petitioner has not exhausted all three claims in the amended petition because he did not appeal the denial of his state habeas corpus petition. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Respondents technically are correct. However, petitioner's failure to appeal the decision of the state district court also has made final a decision that the state habeas corpus petition is untimely, and thus the claims in the amended petition are procedurally defaulted.

To appeal the dismissal of the amended petition, petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

In ground 1, petitioner claims that counsel provided ineffective assistance because counsel did not object to the imposition of an equal and consecutive sentence for the use of a deadly weapon, under Nev. Rev. Stat. § 193.165, because the court did not consider the factors required by that statute. Petitioner and the prosecution negotiated a plea

agreement that included a prison sentence of four (4) years to ten (10) years for voluntary manslaughter, plus a consecutive prison sentence of four (4) years to ten (10) years for the deadly-weapon enhancement. (Exh. 70 (ECF No. 13-11).) The state district court imposed sentence accordingly. (Exh. 72 (ECF No. 13-13).) Petitioner cannot demonstrate prejudice for counsel's failure to object to a sentence to which petitioner himself already had agreed. Ground 1 does not state a valid claim of the denial of a constitutional right, and reasonable jurists would not disagree with this determination.

In ground 2, petitioner claims that counsel provided ineffective assistance because counsel did not file a direct appeal, in which petitioner could have challenged the imposition of the deadly-weapon sentence. Without knowing more, the court cannot state that petitioner has not presented a valid claim of the denial of a constitutional right.

In ground 3, petitioner claims that counsel provided ineffective assistance because counsel did not challenge the validity of the Nevada Revised Statutes based upon a violation of the doctrine of the separation of powers. On January 25, 1957, the Nevada Legislature duly enacted the Nevada Revised Statutes as the laws of Nevada. 1957 Nev. Stat. 1-4. Furthermore, the Nevada Legislature has since amended the laws governing voluntary manslaughter, Nev. Rev. Stat. §§ 200.040, 200.050, and 200.080, and the law governing the use of a deadly weapon, Nev. Rev. Stat. § 193.165, after the enactment of the Nevada Revised Statutes. Ground 3 does not state a valid claim of the denial of a constitutional right, and reasonable jurists would not disagree with this determination.

Reasonable jurists would not find the Court's conclusions on its procedural rulings, both timeliness and procedural default, to be debatable or wrong. Even if ground 2 could state a valid claim of the denial of a constitutional right, the court will not issue a certificate of appealability.

Petitioner has filed a motion for appointment of counsel. (ECF No. 18.) The Court denies this motion because the Court is dismissing the action.

It is therefore ordered that petitioner's motion for appointment of counsel (ECF No. 18) is denied.

9

1   It is further ordered that respondents' motion to dismiss (ECF No. 7) is granted.

2   This amended petition for a writ of habeas corpus (ECF No. 5) is dismissed with prejudice

3   because it is untimely and procedurally defaulted. The Clerk of the Court will enter

4   judgment accordingly and close this action.

5   It is further ordered that a certificate of appealability is denied.

6   DATED THIS 15th day of December 2016.

7

8

9   MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28